UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 2 2 2005
CLERK

******************************************************************************

| | | |
|---|---|---|
| JOSEPH P. KERKHOVE; and LEWIS E. ASHKER, Plaintiffs, -vs- SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; JEFF BLOOMBERG, Secretary of Corrections; DOUGLAS E. WEBER, Warden, South Dakota State Penitentiary; JOSEPH P. CLASS, Former Warden, South Dakota State Penitentiary; STEVE LEE, Deputy Warden; and OWEN SPURRELL, Asc. Warden of Security, Defendants. | * | CIV 99-4045 MEMORANDUM OPINION AND ORDER |

******************************************************************************

This action was remanded to the Court on January 13, 2003, and the Court has given Plaintiffs several opportunities to file and serve an amended complaint. An amended complaint has never been filed by Plaintiffs. The original complaint and summonses were served on Defendants, except Joseph Class and Steve Lee[1], and they filed an Answer on June 8, 2004. Following a period for discovery, Defendants South Dakota Department of Corrections ("SDDOC"), Jeff Bloomberg, Douglas Weber, and Owen Spurrell (hereinafter "the Defendants"), filed a Motion for Summary Judgment on November 18, 2004, Doc. 102. Plaintiffs thereafter filed some discovery motions, but did not respond to the Defendants' summary judgment motion. In an Order dated January 13, 2005,

---

[1]Plaintiffs have not served Defendants Joseph Class or Steve Lee despite two notice from the Court that if the Defendants were not served this action could be dismissed. Accordingly, the claims against Class and Lee will be dismissed pursuant to Fed.R.Civ.P. 4(m).

the Court stayed discovery except as to the Defendants' qualified immunity defense. (Order, Doc. 118.) A period of 60 days was allowed for the parties to conduct discovery limited to the immunity issue. (*Id.*) A deadline for responding to the Defendants' summary judgment motion was imposed in the same order, which was 20 days after the close of the limited discovery period. (*Id.*) That time has now expired and Plaintiffs have not submitted a response to Defendants' summary judgment motion or asked for additional time to do so. Having considered the written record in this case and for the reasons set forth below, the Defendants' Motion for Summary Judgment will be granted.

## BACKGROUND

Plaintiffs Joseph Kerkhove and Lewis Ashker, inmates in the South Dakota State Penitentiary, brought this action under 42 U.S.C. § 1983, with two other inmates, James Smith and David Waff. The Honorable John B. Jones dismissed this action prior to service of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), finding that Plaintiffs failed to state a claim upon which relief could be granted. (Memorandum Opinion and Order, Doc. 22, August 23, 2001.) All four Plaintiffs appealed Judge Jones' dismissal. (Notice of Appeal, Doc. 24, Sept. 25, 2001.) On appeal, however, Plaintiff James Smith was dismissed as a party to the appeal at his own request, Doc. 54, and Plaintiff David Waff was dismissed as a party to the appeal for failing to pay the appellate filing fee, Doc. 51. After Waff and Smith were dismissed as parties to the appeal, the Eighth Circuit affirmed in part and reversed in part Judge Jones' Order dismissing this action and remanded the case for further proceedings as to two of Plaintiffs Joseph Kerkhove and Lewis Asker's claims. *See Waff v. South Dakota Dep't of Corrections*, Slip Opn. 01-3501, 51 Fed.Appx. 615, 2002 WL 31641530 (8th Cir. November 25, 2002). The mandate was issued on January 13, 2003. Because Waff and Smith were dismissed as parties to the appeal and the case was not adjudicated on appeal as to their claims, the Judgment of Dismissal entered by Judge Jones on August 23, 2001, is the final judgment against Waff and Smith and they are no longer parties to this action.

On appeal of Judge Jones' initial dismissal of this action, the Eighth Circuit held that the following claims asserted by Kerkhove and Ashker should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6): 1) claims of denial of access to the courts because Plaintiffs were forced

to abandon memory and disk-based typewriters, word processors and computers (collectively, machines); 2) claims of denial of access to the courts due to searches and confiscation of legal materials. *See Waff*, 2002 WL31641530, *2. In addition, the Eighth Circuit explained that "the allegations about missing legal materials being 'accidentally' lost or destroyed, the failure to instruct guards to refrain from reading inmates' legal materials, and the searches and inspection of legal materials pursuant to policy and practice, were sufficient to state a section 1983 claim for supervisory liability." *Id.*

**DISCUSSION**

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); Fed. R. Civ. P. 56(c). If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir. 1995). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (internal quotation marks and citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, if the evidence is so deficient that no reasonable juror could find in favor of the non-moving party, then summary judgment is appropriate. *See Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990).

While prisoners are entitled to the benefit of liberal construction of their pleadings because of their pro se status, Fed. R. Civ. P. 56 remains applicable to them. *See Quam v. Minnehaha*

*County Jail*, 821 F.2d 522 (8th Cir. 1987). "Summary judgment is an extreme remedy, to be granted only when no genuine issue exists as to any material fact." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997). A district court has no obligation, however, to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Nor is the court "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* (internal quotation marks and citation omitted).

**I. Exhaustion of Administrative Remedies**

Defendants assert that all of the claims in this action must be dismissed because Plaintiffs have failed to exhaust their administrative remedies. The exhaustion requirement is contained in the Prison Litigation Reform Act: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eighth Circuit has characterized the exhaustion requirement as a non-jurisdictional affirmative defense, which may be waived by the defendants. *See Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001).

The prisoner must exhaust his administrative remedies even if the precise relief he seeks in his § 1983 lawsuit is not available through the prison grievance system. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Also, although § 1997e(a) refers to "prison conditions," the United States Supreme Court has interpreted that phrase to mean "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The relevant time frame to make the exhaustion determination is the time of filing. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In other words, "in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*

In his Affidavit in Support of Complaint, Doc. 10, Ashker admitted he did not utilize the inmate grievance process because he did not believe he would receive any relief:

> 31. Ashker's complaints and questions pertaining to his previously "*grandfathered*" word processor/computer system and his floppy disks containing his legal papers, work and related law materials were either summarily dismissed, ignored or disregarded by Defendants Class and his subordinates. Ashker did not, as a result of these prior conversations, file any written grievances about the situation because he felt such activity pointless as the outcome would be the same and no administrative relief or consideration would be granted since the same administrative officials he had had verbal discussions with would rule adversely on such written grievances and/or appeals. The decision not to file an inmate grievance form was also based upon Ashker's experience and first hand knowledge of other SDSP inmates who have tried, to no avail, to resolve problems utilizing the ineffective, meaningless and uncertified inmate remedy process at SDSP.

(Doc. 10, ¶ 31.) An inmate's belief that he will not receive a favorable response to a grievance or any relief, however, is not sufficient to excuse his failure to exhaust administrative remedies. *See Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (holding that an inmate was not excused from failing to exhaust his administrative remedies where the inmate "subjectively believed that there was no point in his pursuing administrative remedies."). The Eighth Circuit has explained that it is mandatory to dismiss without prejudice claims on which a prisoner has not exhausted his administrative remedies. *See Johnson*, 340 F.3d at 627 ("If exhaustion was not completed at the time of filing, dismissal is mandatory [under 42 U.S.C. § 1997e(a)]."). Thus, the claims asserted by Ashker will be dismissed without prejudice for failure to exhaust administrative remedies.

It appears that Kerkhove exhausted his administrative remedies, at least as to the taking of his word processor and the loss of his trial transcripts. The issue of whether Kerkhove exhausted his administrative remedies on the access to the courts claims based upon the searches of his cell is questionable. Therefore, given that Defendants have the burden of proving Kerkhove did not exhaust his administrative remedies, the Court will consider the merits of his claims.

**II. Access to the Courts**

The Supreme Court held that, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added). Later the Supreme Court explained that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . .the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To prevail on an access to the courts claim, an inmate must show he has suffered an actual injury. *See Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). "As the Supreme Court noted, the actual injury requirement derives ultimately from the doctrine of standing, 518 U.S. at 349, 116 S.Ct. 2174, which directs that courts not get involved unless a constitutional violation has occurred or there is a real and immediate threat of such a violation." *Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001) (citing *Smith v. Arkansas Dep't of Correction*, 103 F.3d 637, 644 (8th Cir. 1996)). The Supreme Court further explained the actual injury requirement:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. .... Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," [*Bounds*, 430 U.S.] at 823 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351. The Eighth Circuit stated, "*Lewis* limits the scope of the right of access to the courts to the filing of an action attacking a sentence or challenging conditions of confinement." *Cody*, 256 F.3d at 770.

In remanding the two access to the courts claims in this case, the Eighth Circuit addressed the actual injury requirement under the standard for considering a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted: "Plaintiffs alleged that the denial of access to their machines hindered their efforts to pursue legal claims, and while the actual-injury allegations in their complaint were somewhat conclusory, their affidavits added more detail, referring to the hindrance of habeas corpus litigation and a pending court action." *Waff*, 2002 WL 31641530, *2. The evidence from Kerkhove of actual injury is contained in the Verified Complaint, Doc. 1, and Kerkhove's Affidavit in Support of Complaint, Doc. 9., which is the same evidence that was before the Eighth Circuit because Kerkhove did not respond to Defendants' summary judgment motion.

The most specific description of the harm alleged by Kerkhove is in paragraph 45 of his Affidavit, Doc. 9:

> 45. The outcome of the loss of these legal papers, work, notes and records, which Kerkhove was unable to print to typed pages, ..., means that Kerkhove is now without most of his legal papers, work, notes and records he has acquired and assembled since 1986. Said legal work, notes and records are required to support and/or prove his claims of constitutional denial and other facts necessary to his claims in this action and/or other criminal and/or civil rights claims now and in the future. Aforementioned loss has caused actual harm and injury because Kerkhove's pursuit of his legal claims and litigation has been interfered with, hampered and stymied by the Defendants.

At various points in his Affidavit, Kerkhove refers to a "Federal Habeas Corpus action" and challenges to his criminal conviction. (Affidavit, Doc. 9, ¶¶ 18, 19, 31, 36, 38, 40.) Other than making conclusory statements that he was hampered and stymied, however, Kerkhove does not explain *how* any claim he desired to bring was interfered with or that he was prevented from pursuing any specific claim. Rather, Defendants introduced evidence that Kerkhove filed a federal habeas corpus action, *Kerkhove v. Weber*, CIV 97-4037 (D.S.D.), on February 21, 1997. He also filed a civil rights claim in early 1997 challenging the policy regarding inmate correspondence. *See Kerkhove v. Weber*, CIV 97-4078 (D.S.D.). The Honorable John B. Jones presided over both the habeas and the civil rights actions.

As to Kerkhove's habeas action, Judge Jones granted the State's motion to dismiss two claims in the federal habeas petition because Kerkhove had procedurally defaulted those claims by not raising the issues in any state post-conviction proceedings. *See Kerkhove v. Weber*, CIV 97-4037 (D.S.D.) (Memorandum Opinion and Order, Doc. 12, Sept. 29, 1997.) A third claim was dismissed because it did not state a federal constitutional claim. *See id.* The remainder of Kerkhove's claims, alleging ineffective assistance of trial counsel, were rejected on the merits. *See id.* None of the claims were rejected for failure to have a trial transcript or any other legal documents that Kerkhove may have had on his word processor or that he asserts were taken by Defendants. The Eighth Circuit dismissed Kerkhove's appeal by denying a certificate of appealability. Accordingly, there is no genuine issue of material fact for trial that Kerkhove suffered actual injury in his habeas corpus action as a result of being deprived of his legal materials.

A civil rights action filed by Kerkhove was dismissed without prejudice because he failed to comply with the court's Order to pay an initial partial filing fee. *See Kerkhove v. Weber*, CIV 97-4078 (D.S.D.) (Order of Dismissal, Doc. 10, June 24, 1997). Kerkhove did not appeal this dismissal or pay the partial filing fee in this action. Thus, Kerkhove's civil rights action was not rejected on the merits and there is no genuine issue of material fact that Kerkhove suffered actual injury as a result of being deprived of any legal materials.

Kerkhove did not describe any additional claims in the Complaint or Affidavit that he was hindered in pursuing as a result of being deprived of his legal materials, either as a result of the loss of his legal materials accessible only with his word processor, the loss of his trial transcript and briefs, or as a result of Defendants searching his legal materials. Thus, although Kerkhove's Complaint and Affidavit were sufficient to survive a motion to dismiss, Defendants have demonstrated on summary judgment that there is no genuine issue of material fact that Kerkhove suffered actual injury.

The Eighth Circuit considered and rejected a claim by another SDSP inmate, William Cody, regarding the abolishment of computers by SDSP inmates. *See Cody*, 256 F.3d at 769-70. Cody

claimed that the defendants' actions in forcing him to dispose of his personal computer containing his legal information violated his right of access to the courts. *See id.* The allegations of actual injury by Cody were that "without limited access to all of the data he has stored, he is being deprived of the 'only copies of documents he believes can set him free from the life sentence he is presently serving.'" *Id.* at 770. Cody also mentioned "both coram nobis relief under South Dakota law and commutation, but he [did] not assert that he [had] a basis or a plan to seek either form of relief." *Id.*

In *Cody*, the Eighth Circuit found that there was a genuine issue of material fact regarding Cody's allegations that the prison officials had searched, read, copied and taken some of his legal papers. *See Cody*, 256 F.3d at 768-69. Cody asserted that the defendant officials "obtained an unfair advantage in defending themselves against [Cody's] claims of constitutional denials and violations by reading his legal papers." *Id.* at 768. Moreover, Cody listed "all of the various lawsuits he had filed challenging the conditions of his confinement, and he describe[d] a number of instances in which his legal papers [had] been searched, copied, and read." *Id.* The discussion above of the habeas action and civil rights action filed by Kerkhove, however, differ significantly from those described by the Eighth Circuit in the *Cody* case regarding the searching, reading and taking of legal papers. Kerkhove does not assert that the Defendants obtained any unfair advantage in defending themselves against his civil right claim or that Defendant Weber obtained any such advantage in the habeas case. Kerkhove filed one civil rights action that was dismissed for failure to pay the filing fee and he did not allege he was unable to file another action challenging the conditions of his confinement due to any of the Defendants' conduct.

Based upon the above discussion of Kerkhove's claims remanded by the Eighth Circuit, Defendants are entitled to summary judgment on the two access to the courts claims remanded by the Eighth Circuit. In addition, the Eighth Circuit remanded a claim of supervisory liability, but that claim must be dismissed because without an underlying constitutional violation, a supervisor cannot be held liable under 42 U.S.C. § 1983. *See Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993) (rejecting a supervisory liability claim where no violation of a constitutional right was established, because "[a] vital element of any section 1983 claim is a showing that a right secured by the

Constitution or federal law was violated."); *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (rejecting a supervisory liability claim because no constitutional injury was inflicted by correctional officers). Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment, Doc. 102, is: (a) granted without prejudice pursuant to Fed.R.Civ.P. 4(m) as to all claims asserted against Defendants Joseph Class and Steve Lee; (b) granted without prejudice for failure to exhaust administrative remedies on all claims asserted by Plaintiff Lewis E. Ashker; and (c) granted with prejudice on all claims asserted by Joseph P. Kerkhove against Defendants South Dakota Department of Corrections, Jeff Bloomberg, Douglas Weber, and Owen Spurrell.

Dated this 22nd day of August, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
DEPUTY